IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DAVIS, SR.,

       Plaintiff,               No. 2:08-cv-2161 JFM (PC)

    vs.

DAVID R. SHAW, et al.,

       Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief

2    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

3    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

6    U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8    <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

9    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

13   Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

14   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

15   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

17   <u>Corp. v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S.

18   41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain

19   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

20   allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, <u>id</u>.

21   However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  <u>Erickson</u>

23   <u>v. Pardus</u>, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting <u>Bell</u>, slip op. at 7-8, in turn quoting

24   <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

25   court must accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id</u>., and construe

26   /////

1   the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

2   (1974).

3          In the caption of the complaint, plaintiff listed nine defendants.  In the defendants'

4   portion of the form complaint, plaintiff listed 25 defendants.  On page 1 of the statement of claim

5   appended to his complaint, plaintiff listed a series of defendants, single-spaced, that takes up

6   two-thirds of the page.  Plaintiff appears to allege that in numerous instances, prison officials

7   violated his constitutional right of access to the courts, generally by participating in a conspiracy

8   to conceal, destroy and deny his grievances over a period of ten years.

9          Bald assertions of conspiracy are insufficient.  See Woodrum v. Woodward

10  County, 866 F.2d 1121, 1126 (9th Cir. 1989) (allegation of conspiracy requires showing that

11  defendants agreed to violate plaintiff's rights); see also Singer v. Wadman, 595 F. Supp. 188 (D.

12  Utah 1982), aff'd, 745 F.2d 606 (10th Cir. 1984), cert. denied, 470 U.S. 1028 (1985) (conspiracy

13  allegation, even if established, does not give rise to liability under § 1983 unless there is an actual

14  deprivation of civil rights).

15         In addition, the Civil Rights Act under which this action was filed provides as

16  follows:

17              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
18              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
19              law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

24  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

25  omits to perform an act which he is legally required to do that causes the deprivation of which

26  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is advised that he cannot simply list a series of defendants and plead a general constitutional violation attributable to all of the defendants named.  While interfering with plaintiff's access to the courts may state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury;  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  This court cannot determine from the complaint what role, if any, any of the named defendants played in the alleged deprivation of plaintiff's rights.

Moreover, in Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Lewis v. Casey, 518 U.S. at 351.  This access includes access to established prison grievance procedures.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995).

4

1    Claims for denial of access to the courts may arise from the frustration or hindrance of "a

2    litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a

3    meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536

4    U.S. 403, 412-15 (2002).  To state a claim based on denial of access to the courts, a plaintiff must

5    allege facts demonstrating that he suffered an actual injury by being shut out of court.  Harbury,

6    536 U.S. at 415; Lewis, 518 U.S. at 351.  In other words, a claim for deprivation of the

7    constitutional right of access to the courts must allege both the underlying cause of action,

8    whether that action is merely anticipated or already lost, and the official acts that frustrated the

9    litigation.  Harbury, 536 U.S. at 415-16.

10           Although the Constitution protects plaintiff from being denied access to the

11    courts, a claim for violation of this right accrues only when and if plaintiff suffers an actual

12    injury.  Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351, 354.  Plaintiff's conclusory allegations

13    that defendants conspired to interfere with plaintiff's litigation and his legal research are

14    insufficient.  In addition, he may not pursue an access claim based on a bare allegation that he

15    suffered an actual injury.  Instead, plaintiff is required to allege some specific facts that would

16    support a claim that he in fact suffered an actual injury by being shut out of court.

17           Plaintiff is cautioned that federal civil rights suits are governed by state statutes of

18    limitations, see Van Strum v. Lawn, 940 F.2d 406, 409-10 (9th Cir.1991), and their applicable

19    tolling provisions.  See TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir.1999).  In addition,

20    "Section 1997e(a) of Title 42 of the United States Code provides:

21                  No action shall be brought with respect to prison conditions under
                   [42 U.S.C. § 1983], or any other Federal law, by a prisoner
22                  confined in any jail, prison, or other correctional facility until such
                   administrative remedies as are available are exhausted.
23
      This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."
24
      McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the
25
      /////
26

1  filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

2  requirement during the course of an action. Id. at 1200.

3          The court finds the allegations in plaintiff's complaint so vague and conclusory

4  that it is unable to determine whether the current action is frivolous or fails to state a claim for

5  relief. The court has determined that the complaint does not contain a short and plain statement

6  as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading

7  policy, a complaint must give fair notice and state the elements of the claim plainly and

8  succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff

9  must allege with at least some degree of particularity overt acts which defendants engaged in that

10 support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

11 R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file

12 an amended complaint.

13          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

15 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

16 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

17 there is some affirmative link or connection between a defendant's actions and the claimed

18 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

20 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

21 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22          Plaintiff is informed that the court cannot refer to a prior pleading in order to

23 make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

24 complaint be complete in itself without reference to any prior pleading. This is because, as a

25 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

26 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

1   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

2   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3              In accordance with the above, IT IS HEREBY ORDERED that:

4              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8   Director of the California Department of Corrections and Rehabilitation filed concurrently

9   herewith.

10             3.  Plaintiff's complaint is dismissed.

11             4.  Within thirty days from the date of this order, plaintiff shall complete the

12  attached Notice of Amendment and submit the following documents to the court:

13                  a.  The completed Notice of Amendment; and

14                  b.  An original and one copy of the Amended Complaint.

15  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

16  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

17  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

18  file an amended complaint in accordance with this order will result in a recommendation that this

19  action be dismissed.

20  DATED:  November 18, 2008.

21

22

23                                      UNITED STATES MAGISTRATE JUDGE

24  /001; davi2161.14

25

26

7

1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRYAN DAVIS, SR.,

11            Plaintiff,              No. 2:08-cv-2161 JFM (PC)

12       vs.

13   DAVID R. SHAW, et al.,           NOTICE OF AMENDMENT

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____    Amended Complaint

19   DATED:

20

21                                    _____
                                      Plaintiff
22

23

24

25

26